UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| ANDRE PATTERSON, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 23-3059 |
| | ) | |
| DIRECTOR JEFFERIES, et. al., | ) | |
| Defendants | ) | |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff is a transgender inmate who uses the name Janiah Monroe. Plaintiff is advised in any document she files with the Court in this case, she must also include her legal name, Andre Patterson, and Case No. 23-3059. This enables the Court to adequately track any cases Plaintiff files.

Plaintiff claims several Defendants violated her constitutional rights at Logan Correctional Center including Illinois Department of Corrections (IDOC) Director Jefferies, Warden Jean Case, Dr. Cabarcus, Warden Long, Warden Dillard, Dr. Hinton,

1

Dr. Puga, "All T.A.C. Committee Members," Dr. Pfost, Officer Porter, Major Thomas, and Wexford Health Services. (Comp., p. 1).

Unfortunately, Plaintiff does not explain the actions of all named Defendants in the body of her complaint. *See Kuhn v. Milwaukee County*, 59 F. App'x 148, 150 (7th Cir. 2003) (merely naming defendants in the caption of a complaint does not state a claim against them); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (district court properly dismissed *pro se* complaint where it alleged no specific conduct by the defendant and only included the defendant's name in the caption).

Even when Plaintiff has referred to a named Defendant, she does not provide any specific time frames in complaint. Plaintiff simply says she transferred to Logan on April 1, 2019, and the incidents alleged occurred in "2019, 2020, 2021, and 2022." (Comp., p. 5). This is not sufficient to provide adequate notice of her intended claims.

In addition, Plaintiff is advised federal claims pursuant to 42 U.S.C.§1983 are generally subject to a two-year statute of limitations period. *See Savory v. Lyons*, 469 F.3d 667, 672 (7th Cir. 2006); *see also Hatch v. Briley*, 230 Fed.Appx. 598, 599 (7th Cir. 2007)(statute of limitations clock begins when claim accrues, stops during grievance procedure, and restarts when procedure is complete).

It is also difficult to discern the basis of Plaintiff's claims. Plaintiff mentions occasions she was moved to segregation and its impact on her mental health. Plaintiff does not provide time frames, nor is it clear who was involved in her placement. Plaintiff says she is still isolated from most of the prison population, but it is not clear if she is in segregation.

Plaintiff says unspecified Defendants have failed to protect her from self-harm and says she has attempted suicide on multiple occasions. It is unclear how any individual failed to protect her. For instance, did she ask for mental health care or was she denied ongoing mental health care or did a Defendant ignore her threats of self-harm? When and who was involved?

Plaintiff further claims she suffers with pain due to her previous suicide attempts, but she does not indicate which Defendant knew about her condition and failed to provide care.

Plaintiff claims unnamed staff members have retaliated against her and violated her equal protection rights. However, Plaintiff has not provided a factual basis for either claim.

It is also difficult to determine if Plaintiff is attempting to bring unrelated claims against different Defendants in one lawsuit. *See George v Smith,* 507 F.3d 605, 607 (7th Cir. 2007)("multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2).

Therefore, the Court must dismiss Plaintiff's initial complaint as a violation of Rule 8 of the Federal Rules of Civil Procedure and for failure to clearly state a claim upon which relief can be granted. However, the Court will allow Plaintiff time to file an amended complaint clarifying her claims and directions to assist her.

Plaintiff's amended complaint must stand complete on its own, include all intended claims and Defendants, and must not refer to her previous complaint. Plaintiff's amended complaint should include numbered paragraphs. For any intended

claim, Plaintiff must provide the date or general time frame the event occurred, what happened, and which specific Defendant or Defendants were involved.

For instance, if Plaintiff intends to allege she was denied needed medical or mental health care, she must state when she needed the care, what care she needed, which Defendant knew she needed care, and what response she received.

To state a retaliation claim, Plaintiff must allege that (1) she engaged in activity protected by the First Amendment; (2) she suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the [d]efendants' decision to take the retaliatory action." *Bridges v. Gilbert,* 557 F.3d 541, 546 (7th Cir.2009) (internal quotations omitted). Suing prison officials or filing grievances is protected activity under the First Amendment. *Lewis v. Casey,* 518 U.S. 343, 350, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Lekas v. Briley,* 405 F.3d 602, 614 (7th Cir.2005); *Babcock v. White,* 102 F.3d 267, 275 (7th Cir.1996).

Plaintiff must abide by the directions provided in her amended complaint or her lawsuit may be dismissed.

IT IS THEREFORE ORDERED:

1) Plaintiff's complaint is dismissed as a violation of Rule 8 of the Federal Rules of Civil Procedure and for failure to clearly state a claim upon which relief can be granted.

2) Plaintiff must file an amended complaint in compliance with this order within 30 days or on or before May 8, 2023. If Plaintiff fails to file her amended complaint on or before the deadline, or fails to follow the Court's instructions, her case will be dismissed without prejudice.

3) Plaintiff's Motion for Appointment of Counsel is DENIED with leave to refile after Plaintiff clarifies her claims [4].

4) The Clerk of the Court is to provide Plaintiff with a complaint form for her assistance and reset the internal merit review deadline within 30 days of this order.

5) Plaintiff is advised in any document she files with the Court in this case, she must also include her legal name, Andre Patterson, in the caption or title of her complaint and Case No. 23-3059.

Entered this 13th day of April, 2023.

s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE